DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas, following a plea of guilty to two counts of corrupting a minor in violation of R.C. 2907.04, in which the court classified appellant, Henry Parsons, as a sexual predator, and sentenced him to serve two consecutive fifteen month prison terms. For the reasons that follow, we affirm the judgment of the trial court.
On appeal, appellant sets forth the following three assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FOUND HIM TO BE A SEXUAL PREDATOR WITHOUT SUFFICIENT EVIDENCE.
 "II. DEFENDANT-APPELLANT WAS ADJUDICATED A SEXUAL PREDATOR WITHOUT THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS STATUTORY AND CONSTITUTIONAL RIGHTS.
 "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT SENTENCED HIM TO CONSECUTIVE PRISON TERMS FOR TWO RELATED OFFENSES AGAINST A SINGLE VICTIM, THEREBY EXCEEDING THE MAXIMUM POSSIBLE TERM FOR EITHER OFFENSE."
On June 16, 2000, the Huron County Grand Jury indicted appellant on two felony counts of corruption of a minor, in violation of R.C. 2907.04. On September 13, 2000, appellant entered pleas of guilty to both counts as charged in the indictment, which had been amended to reflect that the charged offenses occurred after appellant's eighteenth birthday.
At the plea hearing appellant admitted that he had engaged in a seven-year sexual relationship with his nephew that began when appellant was eleven years old and the nephew was seven years old. Appellant's attorney further stated that appellant's acts were not discovered until the nephew was interviewed by authorities after the nephew sexually abused another family member. At the conclusion of the plea hearing,
the trial court accepted appellant's guilty plea and ordered a presentence investigation ("PSI") report and a sexual offender evaluation.
On November 8, 2000, a combined sexual offender and sentencing hearing was held. At the beginning of the proceedings, the parties stipulated as to the admissibility of the PSI report and reports from the Forensic District V Diagnostic Center, which included appellant's psychological evaluation, performed by James F. Sunbury, Ph.D., appellant's social history, prepared by Luanne LaRue, MSW, LSW, a Forensic Center counselor, court documents from the Erie County Court of Common Pleas, Juvenile Division, relating to the victim's commitment to the Department of Youth Services, and the victim's impact statement. Appellant did not testify or call witnesses on his own behalf at the hearing.
In the PSI report, the investigating officer stated that appellant's nephew first disclosed that he was sexually abused by appellant after the nephew was adjudicated delinquent for sexually abusing an eight year old girl. At that time, the nephew told police officers that the molestation by appellant included mutual masturbation, mutual oral copulation and anal intercourse, which took place at appellant's home over the course of approximately seven years. The investigator further stated that appellant told him some of the incidents of molestation took place after appellant became an adult and that, at the time the molestation stopped, appellant's nephew was fourteen years old.
The PSI report further stated that appellant did not give a reason for sexually molesting his nephew and, at the time the charged offenses took place, appellant was working and had a girlfriend. Appellant told the investigator that his nephew was a willing participant in the sexual activity. Appellant also told the investigating officer that appellant had not engaged in homosexual relationships with anyone other than with his nephew.
The PSI report stated that appellant had no known juvenile record; however, appellant was convicted of criminal damaging for destroying mailboxes in Ashland County in June 2000, after he was charged with molesting his nephew. The PSI report also stated that appellant had been cited for one minor traffic violation in the past, which was disposed of through payment of fines and court costs. At the time of the investigation, appellant was employed at Willard Machine and Welding as a welder.
Dr. Sunbury stated that, in preparing his psychological evaluation of appellant, he relied on police records, appellant's social history, and several psychological tests he administered to appellant. Sunbury stated that, in his police interview,
appellant had characterized his activities with his nephew as adolescent "acts of sexual curiosity" between equals; however, appellant had been reluctant to admit that he molested his nephew after he became an adult. Sunbury stated that, at the time of the interview, appellant did not admit to having a sexual problem, and he denied coercing his nephew. Appellant could not reconcile his earlier statements that the conduct stopped before appellant was eighteen with his later admission that it stopped after he became an adult.
Based on the results of two tests administered by Sunbury, the Minnesota Multiphasic Personality Inventory-2 and the Rotter Incomplete Sentences Blank — Adult Form, Sunbury concluded that appellant is shy, possibly socially inept, anxious about interacting with others, and has problems with authority and resentment of some societal demands. Sunbury further concluded that appellant is not suitable for referral to the sex offender treatment program because he "minimizes his offenses, * * * [and] repeatedly stated that he has no sexual problem." Sunbury also noted concern that appellant had smashed mailboxes "even after he knew he would be charged with a felony in the current case."
In appellant's social history report, Counselor LuAnne LaRue stated that appellant reported having an alcohol problem when he was fifteen or sixteen years old, for which he underwent an alcohol assessment and participated in outpatient treatment. LaRue stated that, during the interview, appellant reported that he lived with his parents, went to church, and had a girlfriend. Appellant described himself to LaRue as heterosexual. He denied having any sexual fantasies involving children. As to the current offenses, appellant told LaRue that he began a sexual relationship with his nephew when the boy was "seven or eight" years old and appellant was "fifteen or sixteen." Appellant stated he did not bribe or threaten his victim. Appellant further stated that all the offenses occurred before appellant was eighteen years old, and reported there were only five or six total offenses over a two-year period. He denied that anal penetration occurred.
LaRue reported that appellant told her the sexual relationship was his fault, and that he still loved his nephew. He stated "I should never have done it to begin with." Appellant further stated that he would be willing to participate in a sex offender treatment plan; however, he did not think he needed help and did not plan on "doing it again."
Based on the above information and her review of the indictment, appellant's guilty plea, the PSI report and a transcript of an interview with the victim by the Erie county
Department of Human Services, LaRue concluded that appellant "is not an appropriate candidate for outpatient sexual offender treatment" at the Forensic V Diagnostic Center. LaRue based her conclusion on appellant's minimization of the extent of the offenses, a lack of motivation on appellant's part to seek out treatment and make any "real changes in his thinking and behavior." LaRue expressed further concern about appellant's recent criminal activity in the form of smashing mailboxes, even though he knew charges were pending in this case. She recommended that appellant "be prohibited from having contact with minor children of either gender."
In the victim's impact statement, which was read into the record at the sex offender hearing, appellant's nephew stated that he feels "guilty and confused about what happened" and has "trouble trusting people [his] own age." The victim further stated that he feels confused about his body as a result of abuse, and thought he was "gay" because his body responded during the abuse. The victim concluded by stating that, in his opinion, appellant was not charged with a serious enough crime, given the nature of the offenses he committed.
At the close of all the evidence, appellant told the court he was sorry for what he had done to his nephew.
At the conclusion of the hearing, the trial court adjudicated appellant as a sexual predator and informed him of his right to appeal that determination and his responsibilities pursuant to R.C. Chapter 2950 for registration and notification. The court sentenced appellant to serve fifteen months in prison on each of the two counts, to be served consecutively. A timely appeal was filed.
In his first assignment of error, appellant asserts that the trial court's judgment adjudicating him a sexual predator was against the manifest weight of the evidence, for several reasons. First, appellant argues that his behavior in this case was not "bizarre or depraved," the relationship between himself and the victim was consensual in nature, the age difference between himself and the victim was just over four years, and although Sunbury and LaRue found appellant was not amenable to treatment, they did not conclude that he was a sexual predator. Second, appellant asserts that the trial court ignored relevant factors in his favor, specifically, that he did not use drugs or alcohol to impair his victim, he has no mental illness or disability; he has had only one known victim; he is only four years older than the victim, and the conduct charged occurred largely when he was an adolescent and his victim was a child.
Pursuant to R.C. 2950.09(B)(3), the trial court shall determine whether an offender is a sexual predator by "clear and convincing evidence." InState v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court found that R.C. Chapter 2950 is remedial in nature and not punitive. Accordingly, the civil manifest weight standard of review applies, under which a trial court's determination that a particular offender is a sexual predator will be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See C.E. Morris Co. v. Foley Constr. (1987), 54 Ohio St.2d 279.
A "sexual predator" is statutorily defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In making such a determination, the trial court is to consider all relevant facts including, but not limited to the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offender;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
The trial court adjudicated appellant a sexual predator based on its findings that appellant had a conviction for criminal damaging which occurred after appellant knew he would be charged in this case, his victim was only seven years old at the time of the first offense and fourteen at the time of the last offense, the nature of the sexual conduct included masturbation,
oral sex and anal penetration, the victim was offended over a four to seven year period, appellant was the victim's uncle, and Sunbury and LaRue recommended that appellant was "not amenable to outpatient and sex offender treatment."
On consideration of the foregoing, this court finds that the trial court properly considered the elements set forth in R.C. 2950.09(B)(2), and there was competent, credible evidence presented to support the trial court's finding that appellant is a sexual predator pursuant to R.C.2950.01(E). Accordingly, the trial court's judgment that appellant is a sexual predator is not against the manifest weight of the evidence. Appellant's first assignment of error not well-taken.
Appellant argues in his second assignment of error that he received ineffective assistance of counsel at the sexual predator hearing. In support thereof, appellant asserts that trial counsel was ineffective because he stipulated to hearsay evidence presented at the hearing in the form of the PSI report and the psychological and social history reports, he did not cross-examine the experts who prepared the reports, and he did not present any experts to testify on appellant's behalf. Appellant concludes that, "[h]ad counsel put up a proper fight, it is very likely that [he] would have been classified as a sexually oriented offender, not a predator."
A sexual predator determination hearing is civil in nature, and affords no constitutional right to effective representation under theSixth Amendment; however, in such civil proceedings involving attempts to restrict a defendant's life, liberty or property, a defendant's right to counsel is guaranteed by the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. Statev. Slatton (Mar. 5, 2001), Butler App. No. CA2000-03-05, unreported. See, also, Roth v. Roth (1989), 65 Ohio App.3d 768, 776.
In order to prove ineffective assistance of counsel, a defendant must show: 1) that defense counsel's representation fell below an objective standard of reasonableness; and 2) that counsel's deficient representation was prejudicial to the defendant's case. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See also Strickland v. Washington (1984), 466 U.S. 668, 694. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland, supra, at 687.
The PSI report and appellant's psychological and social history reports are the type of reliable hearsay that may be relied upon by the trial judge in a sexual predator determination hearing. State v. Cook, supra, at 425. As such, those reports would have been received into evidence by the trial judge, with or without the stipulation of the parties that they were admissible. In addition, appellant's trial counsel urged the court in his closing argument to consider appellant's age, the age of the victim, the fact that appellant's sexual relationship with the victim occurred largely when appellant was a juvenile, and appellant's subsequent positive behaviors, which include steady employment, having a girlfriend, and helping to financially support his parents. The record also shows that appellant was allowed to make a statement to the court without being subjected to cross-examination, as was the victim.
Upon consideration of the foregoing, this court cannot say that trial counsel's stipulation to the admission of the PSI report and appellant's social and psychological reports constitutes a performance so deficient as to deprive appellant of a fair hearing. In addition, under the circumstances of this case, counsel's failure to either cross-examine the authors of those reports or call witnesses to testify on appellant's behalf might be considered sound trial strategy. Accordingly, appellant has not demonstrated that he received ineffective assistance of trial counsel, and his second assignment of error is not well-taken.
Appellant argues in his third assignment of error that the trial court abused its discretion by sentencing him to serve prison terms which are greater than the minimum authorized sentences for a first-time offender, and by ordering him to serve those sentences consecutively.
As to the length of appellant's sentences, the stated purpose of Ohio's felony sentencing law is to "protect the public from future crime by the offender and others and to punish the offender. * * *." R.C. 2929.11(A). Pursuant to this legislation, "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally."State v. Edmondson (1999), 86 Ohio St.3d 324, 325. Sentences are to be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C.2929.11(B). Unless a prison term is statutorily mandated, the implementation of the purpose of the sentencing laws is left to the sound discretion of the trial court. R.C. 2929.12(A).
A term of incarceration for a fourth degree felony may be imposed pursuant to R.C. 2929.13(B). If the court finds that at least one factor listed in R.C. 2929.13(B)(1) is applicable, the court then must consider the factors set forth in R.C. 2929.11 and 2929.12, regarding the overriding purposes of felony sentencing and seriousness and likelihood of recidivism. R.C.
2929.13(B)(2)(a) and (b); State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported. See also R.C. 2929.13(C). After considering these and all other relevant factors, if the court finds that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a). R.C. 2929.14(A)(4) provides that for a felony of the fourth degree, a court may impose a prison term of six to eighteen months. In addition, pursuant to R.C.2929.14(B), the court must impose the minimum authorized prison sentence on a first-time offender unless the court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
In this case, appellant pled guilty to two counts of corruption of a minor, a felony sex offense, and is therefore subject to a prison term pursuant to R.C. 2929.13(B)(1)(f). At the sentencing hearing, the trial court noted that appellant had been found not to be amenable to sex offender outpatient treatment, and expressed doubts that appellant had genuine remorse for his actions. In its November 13, 2000 judgment entry sentencing appellant, the trial court found, pursuant to R.C. 2929.12, that appellant's victim suffered serious psychological harm, and appellant was the victim's uncle. The court also found that appellant's conviction for criminal damaging makes recidivism more likely. The court found that none of the factors indicating that the offense is less serious were present. The court stated that, pursuant to R.C.2929.13(B)(2)(a), after weighing the seriousness of the offenses and the recidivism factors, appellant is not amenable to community control sanctions and prison is consistent with the purposes of R.C. 2929.11, in that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. Upon consideration of the above, we conclude that the trial court properly considered all the necessary factors for sentencing.
As to the issue of consecutive sentences, R.C. 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In this case, pursuant to R.C. 2929.14(E)(4), the trial court found that consecutive sentences were necessary to protect the public from appellant's future crimes, and to punish appellant for his crimes, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct, or the danger he poses to other persons. The trial court further found that the harm caused by appellant's offenses was so great that no single prison term for either of the offenses could adequately reflect the seriousness of his conduct, and that consecutive sentences were necessary to protect the public from appellant's future crimes.
Upon consideration of the record, including appellant's conviction for criminal damaging, his relationship to the victim, and his conduct in this case, we find that the trial court properly balanced the seriousness and recidivism factors in compliance with the sentencing requirements set forth in R.C. 2929.14(E)(4). Accordingly, we cannot say that the trial court erred by sentencing appellant to consecutive prison terms. Appellant's third assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
______________________________Peter M. Handwork, J. JUDGE
____________________________Richard W. Knepper, J. JUDGE
____________________________Mark L. Pietrykowski, P.J. JUDGE
CONCUR.